United States District Court    Southern District of Texas
United States District Court
Southern District of Texas
**ENTERED**
May 01, 2019
David J. Bradley, Clerk

|  |  |  |
|---|---|---|
| American Southern Insurance Company, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-16-1382 |
| Assurance Resources, Inc., et al., | § § | |
| Defendants. | § | |

## Opinion on Partial Dismissal

1. *Background.*

JNP Enterprises, LLC, and Itzel Camacho settled a claim brought by Camacho against Enterprises. Camacho brought the claim on behalf of Jesus Hernandez. Hernandez had worked for Enterprises, and he was killed in a accident in a company car on its business. American Southern Insurance Company paid the settlement.

Assurance Resources, Inc., issued Enterprises a policy with coverage for Enterprises by two companies: American and Companion Life Insurance Company. Assurance was Companion's agent.

American authorized the settlement after Assurance told it that Companion would not be responsible for the entire settlement. Assurance told American that Companion would pay more than half of the Camacho settlement. Later, Assurance told American that Companion would not contribute to the settlement. Assurance said Companion's policy did not require it to pay. American presumably paid the settlement.

Assurance and American entered an agency in 2010. The agreement had two parts: general agency and limited agency. Under the general agency, American (a) authorized Assurance to act as its general agent, and (b) Assurance was required to report losses to American within 48-hours.

Once terminated, if Assurance was current on all payments owed to American, the limited agency would become effective for a year. Under the limited agency, unlike the general agency, Assurance could not manage or settle claims. American does not say it terminated the general agency, so it governs.

Assurance says American's termination of the general agency became effective in April 2013. Camacho filed against Enterprises in October 2013. Assurance did not tell American about Camacho's claim or another claim against it until January 2015. By then, American defaulted on the separate claims. Assurance had accepted service for the claim on behalf of American, but it did not relay this information to American. Enterprises and Camacho settled the Camacho claim no earlier than June 2015.

American brings a claim against Assurance on nine legal theories:

| | |
|---|---|
| Breach of contract | Fraud |
| Breach of fiduciary duty | Fraud by nondisclosure |
| Negligence | Negligent misrepresentation |
| Promissory estoppel | Unjust enrichment |
| | Civil conspiracy |

2. *Breach of Contract.*

American says Assurance breached its contract by not informing American of the claims against it by Enterprises or Camacho.

American is entitled to relief for this claim. A valid, enforceable contract existed between the parties. Under the general agency, Assurance must report any losses to American within 48-hours. Assurance waited more than a year to report the Camacho claim.

3. *Breach of Fiduciary Duty.*

American alleged that Assurance breached its fiduciary duty by (a) representing false information to American about the Camacho and Enterprises lawsuits, and (b) failing to analyze coverage properly under the Companion policy. American is not entitled to relief for this claim.

Under the law of economic loss, tort remedies are not available when a party does not perform under a contract.[1] Assurance did not tell American about claims filed against

---

[1] *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991); *Sharyland Water Supply Corp. v. City of Alton*, 354 s.w.3d 407 (Tex. 2011).

it when it was required to do so. If American paid more than it should have, the source of its injury is its contract with Assurance.

American says that the only explanation Assurance gave it for why Companion did not have to pay is that it reasoned Companion's policy did not require it to; however, not giving an explanation when required to does not mean Assurance did not properly analyze the policy. American's complaint does not specify whether American paid the settlement. Assuming American did, if it was already required to pay the settlement under its policy, it cannot have been injured. Assurance is a third party administrator. No general fiduciary duty is imposed on Assurance; its only duties are those in the contract.[2] American has not sufficiently identified a source of Assurance's duty independent of the duties it owed American under the general agency.

4. *Negligence.*

American alleged that Assurance negligently administered the claims in the Camacho claim by negligently communicating (a) information about the status of the claim to American, and (b) whether Companion would contribute to the settlement. American is not entitled to relief for this claim.

Under the general agency, Assurance had a duty to manage, process, and settle claims to the best of its knowledge, skill, and judgment. If Assurance did not manage the Camacho claim to the best of its knowledge, skill, and judgment, it breached the general agency. If American paid more than it thinks it should have because of what Assurance told it, the source of its injury is its contract with Assurance.

Assurance did not tell American about the Camacho claim. Assurance's duty to tell American about the Camacho claim does not exist without the general agency. American has not pleaded an extra-contractual duty it was owed that Assurance breached.

5. *Promissory Estoppel.*

American alleged that (a) Assurance made promises to American that Assurance would act as an agent in American's best interest, (b) it was reasonable and foreseeable that

---

[2] *National Plan Administrators, Inc. v. National Health Insurance, Co.*, 235 s.w.3d 695, 700 (Tex. 2007).

American would rely on this promise, and (c) American relied on Assurance's promise to its detriment.

Assurance told American that Companion would not contribute to the settlement after first saying Companion would. American does not specify when the parties settled. It has not shown whether American relied on Assurance's statement that Companion would contribute greater than half. American's complaint does not specify whether American paid the settlement. Assuming American did, if it was already required to pay the settlement under its policy, it cannot have been injured. The report was not a direct commitment nor was it a promise of performance of Companion's settlement by Assurance.

6. *Fraud.*

American alleged that:

(a) Assurance fraudulently represented to American that Companion would contribute to the settlement without a full analysis of the Companion policy's coverage or any evidence supporting an exclusion under it;

(b) Assurance knew what it told American about Companion contributing was false;

(c) Assurance said what it said to induce American into settling the Camacho claim;

(d) American reasonably relied upon what Assurance said to its detriment; and

(e) this reliance injured American.

American is not entitled to relief for this claim. Under the general agency, Assurance had a duty to manage, process, and settle claims to the best of its knowledge, skill, and judgment. If Assurance did not manage the Camacho claim to the best of its knowledge, skill, and judgment by not fully analyzing Companion's coverage, it breached the general agency. If American paid more than it should have because of what Assurance told it, the source of its injury is its contract with Assurance.

American says Assurance was Companion's agent, and Assurance never gave American a report about why it thought Companion's coverage exempted it from the settlement. American figures a lack of explanation means Assurance's analysis was false. Not fully analyzing coverage is different than knowing the information to be false. American

has also not shown whether it relied on Assurance's statements about what Companion told it. American is a corporation. Corporations do not rely on information. People rely on information. American has not said who relied on the information. American does not specify when the parties settled. It has not shown whether American relied on Assurance's reporting that Companion would contribute greater than half. American's complaint does not specify whether American paid the settlement. Assuming American did, if it was already required to pay the settlement under its policy, it cannot have been injured.

7.  Fraud by Nondisclosure.

American alleged fraud by nondisclosure because (a) Assurance owed American a duty to disclose information about the Camacho claim and Assurance did not disclose this information, (b) the nondisclosure mislead American, and (c) American paid when it was not obliged to pay. American is not entitled to relief for this claim.

The general agency required Assurance to report all losses to American within 48-hours after it received notice of the loss. Assurance waited longer than 48-hours to tell American about the Camacho claim. If American paid more than it should have because of what Assurance did not tell it, the source of its injury is its contract with Assurance.

American has not established that it settled – only that Enterprises and Camacho agreed upon a settlement. Without settling, the nondisclosure could not have mislead American. Even if they settled, if American was already required to pay under its policy, it cannot have been injured.

8.  Negligent Misrepresentation.

American alleged that Assurance (a) failed to exercise reasonable care or competence in obtaining the information it communicated to American, and (b) American relied on the Assurance's message that Companion would pay part of the settlement. American is not entitled to relief for this claim.

Under the general agency, Assurance had a duty to manage, process, and settle claims to the best of its knowledge, skill, and judgment. If Assurance did not manage the Camacho claim to the best of its knowledge, skill, and judgment by changing what it told American concerning Companion, it breached the contract. If American paid more than it should have because of what Assurance told it, the source of its injury is its contract with Assurance.

American says that Assurance did not provide it a copy of its analysis for why the Companion coverage did not apply and that its analysis was false. American argues a causal connection. However, one does not prove the other. Telling someone something at one time and something else at another time does not mean what the person said before was true and later false. It only shows that the person's position changed. Assurance first told American that Companion would pay. Later it told American that Companion would not have to pay based on an exclusion in its policy. This change does not establish whether Assurance was wrong about Companion's policy. American has not pleaded facts showing how Assurance's judgment about Companion's policy was wrong.

9.  *Unjust Enrichment.*

American alleged that Assurance was unjustly enriched because American paid Assurance or that Assurance provided services to American's detriment. American is not entitled to relief for this claim.

Unjust enrichment is a remedy for quasi-contract. If there is an express contract, there cannot be unjust enrichment.[3] American complains Assurance was unjustly enriched under the terms of the general or limited agreement. American shows a contract already covers American's complaint. American does not allege an injury outside of the contract it entered into with Assurance. Assurance did not trick American into anything.

10. *Civil Conspiracy.*

American alleged that Assurance participated in a civil conspiracy because Assurance, along with its president and others, held the common purpose of being enriched by receiving income while avoiding payment of the claim. This bathtub conspiracy claim has no merit.

American says that Companion did not contribute because its coverage did not obligate it to. This is a contract claim, not a conspiracy.

11. *Conclusion.*

This case is based on American relaying something that someone else said. Under the contract, Assurance was the general and limited agent of American. While the parties

---

[3] *Fortune Products Co. v. Conoco, Inc.*, 52 s.w.3d 671, 684 (Tex. 2000).

disagree on the date the general agency was terminated, the court must accept American's contention that Assurance was the general agent in October 2013. Because the contract requires Assurance to notify American of any losses within 48-hours, and because Assurance did not notify American, the breach of contract claim survives.

While American's complaint omits facts to support claims for securities fraud and racketeering, it uses the same facts to allege nine legal theories. The facts do not support securities fraud or racketeering, nor is American Southern Insurance Company able to support the eight other theories against Assurance Resources, Inc. American's claims of (a) breach of fiduciary duty; (b) negligence; (c) promissory estoppel; (d) fraud; (e) fraud by nondisclosure; (f) negligent misrepresentation; (g) unjust enrichment; and (h) civil conspiracy must be dismissed.

Signed on ~~April~~ May 1, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge